UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JEREMY PARADISE,
    *Plaintiff,*

v.

EAGLE CREEK SOFTWARE
SERVICES, INC. and
KENNETH C. BEHRENDT.
    *Defendants.*

Case No. 1:10-cv-11678-GAO

**JOINT MOTION FOR ORDER TO MEDIATE**

The parties, Plaintiff, Jeremy Paradise ("Paradise"), and co-Defendants, Eagle Creek Software Services, Inc. and Kenneth C. Behrendt (collectively, "Eagle Creek"), hereby respectfully move this Court to issue an order referring this matter to mediation by Magistrate Judge Judith G. Dein. In the event Magistrate Judge Dein is, or becomes unavailable, the parties ask that another Magistrate Judge be appointed in her stead.

In support of this motion, the parties state as follows:

1. This diversity action, filed in September of 2010, concerns claims brought by Paradise under the Massachusetts Wage Act against his former employer, Eagle Creek. The parties have not yet made their initial disclosures or engaged in discovery.

2. As a preliminary matter to litigation of the underlining Wage Act claims, this Court has ordered a trial pursuant to 9 U.S.C. §4 of the Federal Arbitration Act to first determine whether there exists an enforceable agreement binding the parties to arbitration (and, if so, in what jurisdiction). *See* OPINION AND ORDER, *Paradise v. Eagle Creek Software Services, Inc. & Kenneth C. Behrendt*, United States District Court,

District of Massachusetts, No. 1:10-cv-11678-GAO (O'Toole, J.), issued September 26, 2011 ("Order").[1]

3. Pursuant to its Order, the Court recently scheduled a Status Conference for March 5, 2012, presumably to set forth arrangements for the §4 trial regarding arbitration. *See* ELECTRONIC NOTICE OF HEARING, dated January 25, 2012.

4. The parties, however, have come to an agreement to seek a more direct resolution of their underlining dispute through court-ordered mediation, preferably by Magistrate Judge Dein.

5. In agreeing to mediate this dispute, the parties seek to avoid costly litigation or arbitration, and agree to set aside the arbitration question (and its accompanying jurisdictional question) until after mediation. The parties stipulate and agree that nothing in this joint motion (nor the fact thereof) shall be deemed a waiver of any party's claims with respect to an employment contract, including, without limitation, Defendants' claim that the disputes between the parties should be determined by arbitration in Minnesota. The parties specifically request that any order entered as a result of this motion expressly reserve any and all of Defendants' jurisdictional defenses and rights. Paradise expressly agrees never to claim or argue that this motion or any order for mediation results in a waiver of Defendants' jurisdictional defenses and/or rights.

6. The parties also have agreed that Eagle Creek will provide very limited discovery of certain information directly relevant to the mediation process and request

---

[1] The Order was issued after the parties argued the arbitration question before Magistrate Judge Sorokin in two motions to dismiss and upon the issuance of Magistrate Judge Sorokin's REPORT AND RECOMMENDATION ON MOTION TO DISMISS on June 16, 2011. Accordingly, the Parties do not believe that it would be appropriate or acceptable for Magistrate Judge Sorokin to mediate this matter.

that any order directing the parties to mediation also require that any such information exchanged between the parties be treated as highly confidential by the parties and their counsel and that it not be used for any purpose other than for the subject mediation.

7.  A proposed order is attached hereto.

WHEREFORE, the parties ask the Court to stay the upcoming Status Conference and refer this matter for mediation by Magistrate Judge Dein, or in the event that Judge Magistrate Dein is, or becomes unavailable, another Magistrate Judge in her stead.

| | |
|---|---|
| JEREMY PARADISE<br>By his attorneys, | EAGLE CREEK SOFTWARE SERVICES, INC. and KENNETH C. BEHRENDT<br>By their attorneys, |
| /s/ Kenneth A. Sweder<br>_____<br>Kenneth A. Sweder, BBO # 489840<br>Laurie M. Ruskin, *Of Counsel*, BBO # 630374<br>SWEDER & ROSS LLP<br>131 Oliver Street<br>Boston, MA 02110-2706<br>617-646-4466<br>ksweder@sweder-ross.com<br>lruskin@ruskinlaw.com | /s/ Michael E. Obermueller<br>_____<br>Michael E. Obermueller<br>*Admitted Pro Hac Vice*<br>WINTHROP & WEINSTINE, P.A.<br>225 South Sixth Street<br>Suite 3500 Capella Tower<br>Minneapolis, MN 55402<br>(612) 604-6400<br>(612) 604-6800<br>mobermueller@winthrop.com<br><br>and |
| Dated: February 17, 2012 | Gregory A. Ramsey, BBO # 662564<br>Scott W. Wynn, BBO # 551063<br>WYNN LAW GROUP<br>254 Main Street<br>P.O. Box 290009<br>Charlestown, MA 02129<br>(617) 241-5544 tel.<br>(617) 242-7675 fax.<br>scott@scottwynnlaw.com<br>greg@scottwynnlaw.com |

**CERTIFICATE OF SERVICE**

I, Kenneth A. Sweder, hereby certify that a true copy of the above document was served upon the attorney of record for each party via the ECF system and will be sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies on all non-registered parties by first class US Mail on this 17th day of February, 2012.

                                         /s/ Kenneth A. Sweder
                                      _____
                                              Kenneth A. Sweder

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JEREMY PARADISE,<br>  *Plaintiff*,<br><br>  v.<br><br>EAGLE CREEK SOFTWARE<br>SERVICES, INC. and<br>KENNETH C. BEHRENDT.<br>  *Defendants*. | Case No. 1:10-cv-11678-GAO |

**ORDER TO MEDIATE**

Upon request of the parties, this matter is referred to mediation by Magistrate Judge Judith G. Dein. In the event Magistrate Judge Dein is, or becomes unavailable, another Magistrate Judge will be appointed in her stead. Nothing in this order (nor the fact thereof) shall be deemed a waiver of any party's claims with respect to an employment contract, including, without limitation, Defendants' claim that the disputes between the parties should be determined by arbitration in Minnesota. Nor does this order constitute a waiver of Defendants' jurisdictional defenses and/or rights. Eagle Creek will provide very limited discovery of certain information directly relevant to the mediation process, and such information exchanged between the parties will be treated as highly confidential by the parties and their counsel and will not be used for any purpose other than for the subject mediation. The Status Conference scheduled for March 5, 2012, is hereby stayed.

It is SO ORDERED

                     _____
                     United States District Judge