UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEREMY PARADISE, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 10-11678-FDS |
| EAGLE CREEK SOFTWARE SERVICES, INC. and KENNETH C. BEHRENDT, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER ON PLAINTIFF'S MOTION FOR CLARIFICATION

**SAYLOR, J.**

Plaintiff Jeremy Paradise has moved for clarification of this Court's Findings of Fact, Conclusions of Law, and Order Compelling Arbitration, issued September 6, 2013.

First, plaintiff seeks to have the Court "clarify that it severs and holds invalid the restrictive term in the ENCCA which purports to waive both the Plaintiff's right to treble damages and to the costs of litigation and reasonable attorneys fees mandated under the Massachusetts Wage Act."  Pl. Mot. at 3.  Because the ENCCA does not restrict the ability of the arbitrator to award costs and attorney's fees under the Massachusetts Wage Act, *see* ENCCA ¶ 12, no such "clarification" is necessary or appropriate.

Second, plaintiff seeks to "clarify" that the only claims to be submitted to arbitration are plaintiff's claims under Count 1 (breach of contract), Count 2 (breach of the implied covenant of good faith and fair dealing), and Count 3 (Massachusetts Wage Act).  Plaintiff appears to contend that defendants' counterclaims are therefore not arbitrable.  The Court was not asked to, and did not reach, the question of whether the arbitration should be limited solely to plaintiff's

claims. Any such contention is therefore waived. In any event, the Court notes that the ENCCA, at ¶ 12, states the following:

> Except with respect to the provisions of Section 5 or 8 (including all subsections), any claims or disputes of any nature between or among the parties hereto arising from or related to this [a]greement or the performance, breach, termination, expiration, application or meaning of this [a]greement or any matter related to the [e]mployee's employment and the termination of that employment by the [c]ompany shall be resolved exclusively by arbitration . . .

It appears, therefore, that the counterclaims are covered by the arbitration agreement.

For the foregoing reasons, plaintiff's motion for clarification is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 2, 2013